UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL SATAR HAKIMI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UR M. JADOU, et al.,<br><br>　　　　Defendants. | Case No. 2:24-cv-1020-CSK<br><br>ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO REMAND<br><br>(ECF No. 6) |

Plaintiff Abdul Satar Hakimi files this immigration action seeking judicial review of his application for naturalization. Pending before the Court is Federal Defendants' motion to remand to the United States Citizenship and Immigration Services (USCIS) to adjudicate Plaintiff's naturalization application.[1] (ECF No. 6.) Plaintiff filed an opposition and Federal Defendants filed a reply. (ECF Nos. 9, 10.) This matter is appropriate for decision without oral argument, and the Court vacates the August 13, 2024 hearing. E.D. Cal. L.R. 230(g). For the reasons that follow, the Court GRANTS Defendants' motion to remand this action to USCIS with instruction to adjudicate Plaintiff's naturalization application within 120 days of the date of this order.

/ / /

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) on the consent of all parties. (ECF No. 12.)

1

## I. BACKGROUND

Pursuant to 18 U.S.C. § 1447(b), Plaintiff filed his complaint on April 4, 2024 seeking judicial review of his naturalization application, which was filed on May 24, 2022. Compl. ¶ 8 (ECF No. 1). On September 23, 2022, USCIS interviewed Plaintiff. *Id*. at ¶ 9. As of the filing of his complaint, Plaintiff has not yet received a final determination of his naturalization application. *Id*. The parties met and conferred, but were unable to reach an agreement. Defs. Mot. at 2. On June 10, 2024, Defendants, federal officials sued in their official capacity, filed the underlying motion to remand this action to USCIS with instruction to adjudicate Plaintiff's naturalization application within 120 days.

## II. DISCUSSION

When an individual submits an application for naturalization and the USCIS fails to make a determination on that application within 120 days after the agency's interview of the applicant, the applicant may apply to the district court for a hearing on the matter. 8 U.S.C. § 1447(b). The district court then "has [exclusive] jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the [agency] to determine the matter." *Id*.; *United States v. Hovsepian*, 359 F.3d 1144, 1164 (9th Cir. 2004). Generally, the court should "remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002). "[J]udicial deference to the Executive Branch is especially appropriate in the immigration context[.]" *I.N.S. v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999). "[T]he executive branch is in a better position than [the] court to oversee [an applicant's] background investigation, to compile an administrative record, and to consistently apply the immigration laws." *Penalosa v. United States Citizenship and Immigration Services*, 2007 WL 2462118, at *2 (S.D. Cal. Aug. 28, 2007).

Federal Defendants move to remand this action to USCIS with instruction to adjudicate Plaintiff's naturalization application within 120 days. Defs. Mot. at 3. Federal Defendants argue that the executive branch is uniquely situated to determine naturalization and that the 120-day timeline is reasonable because USCIS anticipates

that a re-interview will be required and the district court regularly grants remands to USCIS of similar lengths. *Id*. Though Plaintiff opposes remand, Plaintiff agrees that "USCIS is generally better suited to determine eligibility for naturalization." Pl. Opp. at 3 (ECF No. 9). Plaintiff alternatively requests remand with a 30-day timeline. *Id*. Plaintiff relies on *Louayme v. Mayorkas*, 2023 WL 5516303 (E.D. Cal. Aug. 25, 2023), adopted in full by, 2023 WL 6215361 (E.D. Cal. Sept. 25, 2023), to argue that a 30-day timeline is more appropriate. Pl. Opp. at 4. While Plaintiff is correct that a 30-day remand timeline was ordered in *Louayme*, in that case, the agency indicated that it was prepared to adjudicate the application within 30 days. *Louayme*, 2023 WL 5516303 at *2.

While Plaintiff's concerns about delay are not without merit, under similar circumstances, the majority of district courts have remanded to USCIS for adjudication. *See Rashid v. Dep't of Homeland Security*, 2017 WL 1398847, at *2 (E.D. Cal. Apr. 19, 2017) ("Although Plaintiff's application had been pending for nearly two years when Plaintiff filed his complaint, remand is the appropriate course of action in this case."); *Shahri v. USCIS Sacramento Field Office*, 2022 WL 1658737, at *2 (E.D. Cal. May 25, 2022) (recommending remand with instructions to complete adjudication within 120 days of order), adopted in full by, 2022 WL 4484113 (E.D. Cal. Sept. 27, 2022); *Sayyedalhosseini v. USCIS Sacramento Field Office*, 2022 WL 1658756, at *2 (E.D. Cal. May 25, 2022) (same); *Gill v. Crawford*, 2016 WL 880952, at *2 (E.D. Cal. Mar. 8, 2016) (granting government's motion for a 60-day remand). Here, "USCIS now assures the Court that adjudication will be completed within 120 days from the date of an order to remand." Defs. Mot. at 3. In addition, courts have reasoned that USCIS is better equipped to handle these cases and has more expertise than district courts in adjudicating applications. *See, e.g., Deng v. Chertoff*, 2007 WL 1501736, at *1 (N.D. Cal. May 22, 2007).

Like the majority of district courts that have remanded naturalization applications to USCIS, this Court agrees that "the executive branch is in a better position than this Court to decide Plaintiff's naturalization [a]pplication." *Singh v. Crawford*, 2014 WL

3

1116989, at *3 (E.D. Cal. Mar. 19, 2014); see also *Shahri*, 2022 WL 1658737 at *2; *Sayyedalhosseini*, 2022 WL 1658756 at *2; *Rashid*, 2017 WL 1398847 at *2; *Gill*, 2016 WL 880952 at *2; *Penalosa*, 2007 WL 2462118, at *2; *Deng*, 2007 WL 1501736 at *1. The Court also agrees that the 120-day timeline is reasonable because USCIS anticipates that a re-interview will be required and USCIS has assured the Court that the adjudication of Plaintiff's naturalization application will be completed within 120 days.

### III.   CONCLUSION

The Court grants Federal Defendants' motion to remand this action to USCIS with instruction to adjudicate Plaintiff's naturalization application within 120 days of the date of this order.

Dated:  August 12, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE